**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| CLETUS JOHN ROBERT FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK MCCORMICK, DONALD KERN, and QUALITY CORRECTIONAL HEALTH CARE, INC.,<br><br>Defendants. | ) | No. 3:19-CV-416<br><br>Judge Collier |

**MEMORANDUM & ORDER**

This a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 arising out of Plaintiff's claims that Defendants have failed to provide him medical treatment for his serious medical needs during his incarceration in the Sevier County Detention Facility [Doc. 1]. Now before the Court are Defendants' joint motion to dismiss the complaint [Doc. 11], Plaintiff's motion to file a sur-reply to Defendants' reply to his response to their motion to dismiss [Doc. 21], Plaintiff's motion for issuance of a third-party subpoena to Tony Parker [Doc. 22], Defendants' motion to stay discovery [Doc. 23], and Plaintiff's motion to correct Defendants' names, for resolution of service issues, and to compel discovery [Doc. 24]. The Court will address these motions in turn based on the substance thereof.

## I. COMPLAINT ALLEGATIONS

On July 18, 2018, Plaintiff was diagnosed with hepatitis C, which he refers to as HCV-3, while he was in the custody of the Morgan County Correctional Complex ("MCCX") [Doc. 1 at 2]. MCCX medical providers told Plaintiff that his condition was serious and warranted immediate biopsy and treatment, but because Plaintiff would not have time to complete treatment at MCCX prior to his sentence expiring on October 12, 2018, they would not start it, as starting the treatment

without completing it would be worse than not starting it at all [*Id.*]. Thus, Plaintiff received vitamins and a hepatic diet at MCCX instead [*Id.*].

Subsequently, on June 30, 2019, while he was in the custody of Sevier County, Plaintiff told the initial assessment nurse that he had degenerative disc disease and hepatitis C, among other things [*Id.*]. Defendant McCormick then prescribed him meloxicam for his degenerative disc disease [*Id.*].

On September 24, 2019, Plaintiff filed a sick call regarding treatments for his hepatitis and dental issues and "was placed on the respective lists" at the jail [*Id.*]. However, Defendant McCormick told Plaintiff the next day that the jail medical providers do not provide treatment for chronic hepatitis, at which time Plaintiff stated that he would sue to protect his rights and Defendant McCormick told him it was his right to do so [*Id.* at 3].

Subsequently, Defendant McCormick told Plaintiff that Defendant McCormick's supervisor, who Plaintiff names as Defendant Kern, was "on his *ss" and that the jail medical providers "do not treat chronic pain anymore" [*Id.*]. Defendant McCormick therefore discontinued Plaintiff's meloxicam on that date, which Plaintiff claims was due to retaliation for Plaintiff threatening to file a lawsuit [*Id.*].

Defendants' cancellation of his meloxicam has caused Plaintiff "excruciating lower back pain and sciatica," and their refusal to treat Plaintiff's hepatitis has caused Plaintiff jaundice, pain, and irreparable cirrhosis and fatty degeneration of the liver [*Id.*].

## II. MOTION TO DISMISS

In their motion to dismiss, Defendants seek dismissal of this action and/or claims therein on a number of grounds, including (1) the statute of limitations; (2) insufficient service of process; (3) failure to state a claim upon which relief may be granted; and (4) Plaintiff's failure to exhaust

his administrative remedies [Doc. 11]. Plaintiff has filed a response in opposition thereto [Doc. 17] and Defendants filed a reply [Doc. 19]. Plaintiff also filed a motion for leave to file a sur-reply in which he states that he can provide documentation to contradict Defendants' claim that he has not exhausted his administrative remedies, if needed [Doc. 21].

For the reasons set forth below, Defendants' arguments for dismissal of this action do not have merit, their motion to dismiss [Doc. 11] is **DENIED**, and Plaintiff's motion to file a sur-reply thereto [Doc. 21] is **DENIED as moot**.

### A. Statute of Limitations

In their motion, Defendants assert that to the extent that Plaintiff seeks to hold them liable for the continuing effects of MCCX officials failing to treat his hepatitis in 2018, his claims are time-barred [Doc. 11 at 2]. In response, Plaintiff states that he provided information about this medical treatment at MCCX in his complaint only as background information for his timely claim regarding Defendants' refusal to provide him hepatitis treatment at the Sevier County Jail, which he asserts accrued on September 25, 2019, when Defendant McCormick told Plaintiff that the jail does not provide hepatitis treatment [Doc. 17 at 1–2].

District courts apply state statutes of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

However, federal law determines "[t]he date on which the statute of limitations begins to run in a § 1983 action[.]" *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). The Sixth Circuit has held that the statute of limitations begins to run when an event occurs that

"'should have alerted the typical lay person to protect his or her rights.'" *Id.* (quoting *Kuhnle Bros., Inc.*, 103 F.3d at 520).

It is apparent from the face of Plaintiff's complaint that he does not seek relief from Defendants for the effects of the denial of hepatitis treatment that occurred at MCCX, but rather seeks to hold Defendants liable for their own failure to treat his medical conditions. Moreover, the acts of MCCX officials in 2018 could not have alerted Plaintiff that Defendants would later fail to provide him medical treatment in 2019 while he was in the Sevier County Jail such that he could have known that he needed to protect his rights by filing a lawsuit against Defendants at that time. Thus, Defendants are not entitled to dismissal based on the statute of limitations.

**B. Service of Process**

Defendants next assert that Plaintiff's complaint should be dismissed due to insufficient service of process because the individual who signed for the summonses returned executed for them was not their authorized agent for service of process [Doc. 11 at 3]. Also, Defendant Quality Correctional Healthcare ("QCHC") and Defendant McCormick assert that the complaint should be dismissed as to them due to Plaintiff naming them incorrectly and failing to provide the name of the registered agent for service of process for QCHC on the summons [*Id.*]. In response, Plaintiff states that he has reasonably identified Defendants [Doc. 17 at 2–3]. Plaintiff has also filed a motion in which he requests that the Court correct Defendants' names on its docket sheet [Doc. 24 at 1].

Rule 4 of the Federal Rules of Civil Procedure permits an individual defendant to be served in accordance with state law, Fed. R. Civ. P. 4(e)(1), or by any of the following means: (a) delivering a copy of the summons and of the complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). While plaintiffs are generally responsible for service of process, Fed. R. Civ. P. 4(c)(1), the Sixth Circuit has stated as follows regarding plaintiffs proceeding *in forma pauperis*:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

It is apparent that Plaintiff timely took reasonable steps to identify all Defendants to the Court. Thus, the Court finds good cause to extend Plaintiff's time to effectuate service on them. *Byrd*, 94 F.3d at 220; Fed. R. Civ. P. 4(m); David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction*, 152 F.R.D. 249, 257 (1994) (noting that where a federal court finds good cause to extend the time period for service in a case where the court's jurisdiction is not based on diversity, that finding provides a "link back to the complaint's filing, and . . . the action should be preserved as timely").

Accordingly, Plaintiff's motion requesting resolution of the service issues and naming issues in this case [Doc. 24 at 1] is **GRANTED in part** to the extent that the Clerk is **DIRECTED** to update the Court's docket to reflect that Plaintiff sued John P. McCormick, Donald Kern, and QCHC, Inc. Defendants are **DIRECTED** to file either (1) a notice with the Court providing an address at which the United States Marshals Service ("USMS") may serve them personally in accordance with Rule 4 or (2) a waiver of service of process within seven (7) days of the date of entry of this order.

Should any Defendant choose to require personal service by filing an address under seal instead of a waiver of service of process, the Clerk is **DIRECTED** to have the USMS personally serve that Defendant with a copy of the complaint and summons at the address he provides. Also, the Clerk is **DIRECTED** to charge any Defendant for all costs associated with this service of process, if it is necessary.

### C. Failure to State a Claim

Defendants also seek dismissal of the complaint for failure to state a claim upon which relief may be granted under § 1983 because (1) Plaintiff asserts that he disagrees with the medical treatment he received and (2) Plaintiff has not alleged that a custom or policy of QCHC caused a violation of his constitutional rights [Doc. 11 at 3–5]. However, these arguments also lack merit.

"[A] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). However, medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

As set forth above, Plaintiff clearly alleges that Defendants failed to provide Plaintiff with any treatment for his hepatitis C and stopped providing him treatment for his degenerative disc disease despite knowing that he suffers from these medical conditions. Plaintiff also indicates that policies of Defendant QCHC were a moving force behind these denials of medical care. Thus, Plaintiff has adequately alleged violations of his constitutional rights as to all Defendants.

### D. Failure to Exhaust

Defendants also seek dismissal of this action due to Plaintiff's failure to demonstrate in his complaint that he exhausted his administrative remedies and/or that the grievance process was

unavailable to him [Doc. 11 at 4]. However, it is well-established that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, Defendants have the burden to show that Plaintiff failed to properly exhaust his administrative remedies. *Id.* As they have not done so, Defendants are not entitled to dismissal on this ground at this time.

## III. MOTION FOR SUBPOENA

Plaintiff has filed a motion requesting issuance of a subpoena for his medical records from the Tennessee Department of Correction to Tony Parker [Doc. 22]. For good cause shown therein, this motion [*Id.*] is **GRANTED**. The Clerk is **DIRECTED** to prepare and issue a subpoena duces tecum to Tony Parker, Commissioner of the Tennessee Department of Correction. The subpoena **SHALL** direct Commissioner Parker to furnish Plaintiff with all of his medical records, electronic or otherwise, from June 2006 through October 12, 2018.

The Clerk is also **DIRECTED** to forward the subpoena to the USMS for service. The USMS is **DIRECTED** to undertake service of this subpoena upon Commissioner Parker for him to produce all pertinent records to Plaintiff.

## IV. DISCOVERY

Defendants also filed a motion to stay discovery in this action pending a ruling on their motion to dismiss [Doc. 23]. In response, Plaintiff has filed a motion to compel Defendants to respond to his discovery requests in which he asserts that Defendants' motion to stay discovery was filed in bad faith and therefore seeks sanctions [Doc. 24 at 2–3]. Defendants filed a response in opposition to Plaintiff's motion [Doc. 25].

As the Court will enter the instant memorandum and order denying Defendants' motion to dismiss, the parties' discovery motions [Docs. 23, 24] are **DENIED as moot** to the extent they

address discovery issues and Defendants are **DIRECTED** to respond to any discovery requests Plaintiff has sent to them within thirty (30) days of entry of this order.

## V. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1. Defendants' motion to dismiss [Doc. 11] is **DENIED** and Plaintiff's motion to file a sur-reply thereto [Doc. 21] is **DENIED as moot**;

2. Plaintiff's motion requesting resolution of the service issues and naming issues in this case [Doc. 24 at 1] is **GRANTED in part** to the extent that the Clerk is **DIRECTED** to update the Court's docket to reflect that Plaintiff sued John P. McCormick, Donald Kern, and QCHC, Inc. and Defendants are **DIRECTED** to file either (1) a notice with the Court providing an address at which USMS may serve them personally in accordance with Rule 4 as set forth above or (2) a waiver of service of process within seven (7) days of the date of entry of this order;

3. Should any Defendant choose to require personal service by filing an address under seal instead of a waiver of service of process, the Clerk is **DIRECTED** to have the USMS personally serve that Defendant with a copy of the complaint and summons at the address he provides. Also, the Clerk is **DIRECTED** to charge any Defendant for all costs associated with this service of process, if it is necessary;

4. Plaintiff's motion requesting issuance of a subpoena for his medical records from the Tennessee Department of Correction to Tony Parker [Doc. 22] is **GRANTED**;

5. The Clerk is **DIRECTED** to prepare and issue a subpoena duces tecum to Tony Parker, Commissioner of the Tennessee Department of Correction. The subpoena **SHALL** direct Commissioner Parker to furnish Plaintiff with all of his medical records, electronic or otherwise, from June 2006 through October 12, 2018;

6. The Clerk is **DIRECTED** to forward the subpoena to the USMS for service;

7. The USMS is **DIRECTED** to undertake service of this subpoena upon Commissioner Parker for him to produce all pertinent records to Plaintiff;

8. Defendants' motion to stay discovery [Doc. 23] is **DENIED as moot** and Defendants are **DIRECTED** to respond to any discovery requests Plaintiff has sent to them within **thirty (30) days** of entry of this order;

9. Plaintiff's motion requesting that the Court compel Defendants to respond to discovery and for sanctions in his motion [Doc. 24 at 2–3] is **DENIED in part** to the extent that Plaintiff sought relief regarding discovery issues; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

**/s/**

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**